FILED

LARA R. SHAPIRO (State Bar No. 227194)
4145 Via Marina # 324
Marina del Rey, CA 90292
Telephone: (310) 577-0870
Facsimile: (424) 228-5351

'10 AUG 23 AM 11:09

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Louis Maldonado

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

Louis Maldonado,

        Plaintiff,

    vs.

Medicredit; and DOES 1-10, inclusive,

      Defendants.

Case No. **CV10 6262-MAN**

COMPLAINT FOR DAMAGES
1. VIOLATION OF FAIR DEBT
COLLECTION PRACTICES ACT,
15 U.S.C. § 1692 ET. SEQ;
2. VIOLATION OF FAIR DEBT
COLLECTION PRATICES ACT,
CAL.CIV.CODE § 1788 ET. SEQ.

JURY TRIAL DEMANDED

COMPLAINT FOR DAMAGES

For this Complaint, the Plaintiff, Louis Maldonado, by undersigned counsel, states as follows:

## JURISDICTION

1.     This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2.     Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4.     The Plaintiff, Louis Maldonado (hereafter "Plaintiff"), is an adult individual residing in Whittier, California, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.     Defendant, Medicredit ("Midicredit"), is a California business entity with an address of 5150 East Pacific Coast Highway, Long Beach, California 90804-3312, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

COMPLAINT FOR DAMAGES

6.      Does 1-10 (the "Collectors") are individual collectors employed by Medicredit and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      Medicredit at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A.      **The Debt**

8.      A financial obligation in the approximate amount of $100.00 (the "Debt") to a creditor (the "Creditor") for hospital bills.

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to Medicredit for collection, or Medicredit was employed by the Creditor to collect the Debt.

11.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.**   <u>Medicredit Engages in Harassment and Abusive Tactics</u>

12.     The Debt belonged to the Plaintiff's father, who has been deceased for five (5) years.

13.     The Plaintiff called Medicredit, and told them that the Debt was not his. Even though Medicredit told the Plaintiff that he did not need to pay the Debt, they also told him that they had to keep the Debt on his credit report unless the Creditor said they could remove it as they were not authorized to remove the account.

14.     When the Plaintiff called the Creditor, the Creditor said "we know it's not your bill, but if we wait long enough you'll pay it".

15.     As a result of Medicredit's false reporting, the Plaintiff was unable to obtain a car loan and mortgage for a condo.

16.     Medicredit failed to notify the Plaintiff of his rights under state and federal law by written correspondence within five (5) days after initial contact, including the right to dispute the Debt.

**C.**   <u>Plaintiff Suffered Actual Damages</u>

17.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

COMPLAINT FOR DAMAGES

18.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

19.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.

20.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21.     The Defendants misrepresented the character, amount and legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

22.     The Defendants communicated false credit information, in violation of 15 U.S.C. § 1692e(8).

23.     The Defendants failed to report that the debt was disputed to the credit bureaus, in violation of 15 U.S.C. § 1692e(8).

24.     The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

25.     The Defendants attempted to collect an amount not authorized by the agreement creating the debt, in violation of 15 U.S.C. § 1692f(1).

26.     The Defendants caused charges to be made to the Plaintiff, in violation of 15 U.S.C. § 1692f(5).

27.     The Defendants failed to send the Plaintiff a validation notice stating the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

28.     The Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the debt was owed, in violation of 15 U.S.C. § 1692g(a)(2).

29.     The Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the debt within thirty days, in violation of 15 U.S.C. § 1692g(a)(3).

30.     The Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4).

31.     The Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(a)(5).

32.     The Defendants continued collection efforts even though the debt had not been validated, in violation of 15 U.S.C. § 1692g(b).

33.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

34.     The Plaintiff is entitled to damages as a result of the Defendants'
violations.

**COUNT II**
**VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION**
**PRACTICES ACT, Cal. Civ. Code § 1788 et seq.**

35.     The Plaintiff incorporates by reference all of the above paragraphs of this
Complaint as though fully stated herein.

36.     The Rosenthal Fair Debt Collection Practices Act, California Civil Code
section 1788 et seq. ("Rosenthal Act") prohibits unfair and deceptive acts and
practices in the collection of consumer debts.

37.     Medicredit, in the regular course of business, engages in debt collection
and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

38.     The Defendants failed to comply with the provisions of 15 U.S.C. §
1692, et seq., in violation of Cal. Civ. Code § 1788.13(e).

39.     The Defendants falsely represented that information about the Plaintiff's
alleged failure to pay the debt would be referred to a credit reporting agency, in
violation of Cal. Civ. Code § 1788.13(f).

40.     The Defendants did not comply with the provisions of Title 15, Section
1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

41.     The Plaintiff is entitled to damages as a result of the Defendants'
violations.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

E. Statutory damages of $1,000.00 per violation for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

F. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

G. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

COMPLAINT FOR DAMAGES

H. Punitive damages; and

I.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  August 21, 2010        LARA SHAPIRO

By:   _/s/   Lara R. Shapiro_
Lara R. Shapiro

Attorney for Plaintiff
Louis Maldonado

# FOR OFFICE USE ONLY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE TO COUNSEL
### (MAGISTRATE JUDGE CIVIL CONSENT PILOT PROJECT)

*The court has directed that the following rules be specifically called to your attention:*

    I.    Notice of Right to Consent to Disposition of a Civil Case by a United States Magistrate Judge [28 U.S.C. § 636(c) and General Order 08-09].

    II.   Continuing Obligation to Report Related Cases (Local Rule 83-1.3.3)

    III.   Service of Papers and Process (Local Rule 4)

**I.    NOTICE OF RIGHT TO CONSENT TO DISPOSITION OF A CIVIL CASE BY A UNITED STATES MAGISTRATE**

*Pursuant to Local Rule 73-2, the initiating party must serve this notice and consent form CV-11C on each party at the time of service of the summons and complaint or other initial pleading.*

This case has been randomly assigned to Magistrate Judge *Nagle* under the Civil Consent Pilot Project in accordance with General Order 08-09. The case number on all documents filed with the court should read as follows: *2:10-CV-6262-MAN*

The parties are advised that they may consent to have the assigned magistrate judge conduct all further proceedings in the case, including trial and final entry of judgment pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. The parties may consent to proceed only before the assigned magistrate judge.

The parties are further advised that they are free to withhold consent without adverse substantive consequences. If the parties agree to the exercise of jurisdiction by the magistrate judge, the parties shall jointly or separately file a statement of consent setting forth such election. For cases originally filed in district court and initially assigned only to a magistrate judge, the statement of consent shall be filed within 30 days after service of the summons and complaint upon that defendant, and within 30 days by plaintiff after service upon the first-served defendant.

For cases removed from state court and initially assigned only to a magistrate judge, a joint or separate statements of consent shall be filed by plaintiff and all defendants upon whom service has been effected, within 11 days after the notice of removal is filed.

Since magistrate judges do not handle felony criminal trials, civil trial dates are not at risk of being preempted by a felony criminal trial, which normally has priority. Further, in some cases, the magistrate judge may be able to assign an earlier trial date than a district judge. There may be other advantages or disadvantages which you will want to consider.

Any appeal from a judgment of the magistrate judge shall be taken to the United States Court of Appeals in the same manner as an appeal from any other judgment of the district court in accordance with 28 U.S.C. §636(c)(3).

If a party has not consented to the exercise of jurisdiction by the magistrate judge within the time

FOR OFFICE USE ONLY

required by Local Rule 73-2, the case shall be randomly reassigned to a district judge and a magistrate judge shall be randomly assigned to the reassigned case as the discovery judge.

You may contact the Civil Consent Case Coordinator at (213) 894-4446 or *consentcoordinator@cacd.uscourts.gov* if you have any questions about this new Pilot Project.

## II.   CONTINUING OBLIGATION TO REPORT RELATED CASES

Parties are under the continuing obligation to promptly advise the Court whenever one or more civil actions or proceedings previously commenced and one or more currently filed appear to be related.

Local Rule 83-1.3.3 states: "It shall be the continuing duty of the attorney in any case promptly to bring to the attention of the Court, by filing a Notice of Related Case(s) pursuant to Local Rule 83-1.3, all facts which in the opinion of the attorney or party appear relevant to a determination whether such action and one or more pending actions should, under the criteria and procedures set forth in Local Rule 83-1.3, be heard by the same judge."

Local Rule 83-1.2.1 states: "It is not permissible to dismiss and thereafter refile an action for the purpose of obtaining a different judge."

Local Rule 83-1.2.2 provides: Whenever an action is dismissed by a party or by the Court before judgment and thereafter the same or essentially the same claims, involving the same or essentially the same parties, are alleged in another action, the later-filed action shall be assigned to the judge to whom the first-filed action was assigned. It shall be the duty of every attorney in any such later-filed action to bring those facts to the attention of the Court in the Civil Cover Sheet and by the filing of a Notice of Related Case(s) pursuant to L.R. 83-1.3.

## III.   SERVICE OF PAPERS AND PROCESS

Local Rule 4-2 states: "Except as otherwise provided by order of Court, or when required by the treaties or statutes of the United States, process shall not be presented to a United States Marshal for service." Service of process must be accomplished in accordance with Rule 4 of the Federal Rules of Civil Procedure or in any manner provided by State Law, when applicable. Service upon the United States, an officer or agency thereof, shall be served pursuant to the provisions of FRCP 4(I). Service should be promptly made; unreasonable delay may result in dismissal of the action under Local Rule 41 and Rule 4(m) of the Federal Rules of Civil Procedure. Proof of service or a waiver of service of summons and complaint must be filed with the court.

NAME, ADDRESS & TELEPHONE NUMBER OF ATTORNEY(S) FOR, OR, PLAINTIFF
OR DEFENDANT IF PLAINTIFF OR DEFENDANT IS PRO PER

ATTORNEYS FOR:

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| LOUIS MALDONADO | | CASE NUMBER |
|---|---|---|
| | Plaintiff(s), | CV10- 6262 MAN |
| v. | | STATEMENT OF CONSENT TO PROCEED BEFORE A |
| MEDICREDIT, ET AL | | UNITED STASTES MAGISTRATE JUDGE |
| | Defendant(s) | (For use In Magistrate Judge Civil Consent Pilot Project Cases only) |

### *THIS FORM SHALL BE USED ONLY FOR CASES IN WHICH A MAGISTRATE JUDGE IS INITIALLY ASSIGNED PURSUANT TO LOCAL RULE 73-2*

       All parties to the above-captioned civil matter are to check one of the two following options and file this document with the Clerk's Office:

☐  In accordance with the provisions of 28 U.S.C. § 636(C) and F.R.Civ.P.73(b), the party or parties listed below to the above-captioned civil matter hereby waive their right to proceed before a District Judge and Consent to have the assigned Magistrate Judge Margaret A. Nagle conduct all further proceedings in the case, including trial and entry of final judgment.

       Any appeal from a judgment of the assigned Magistrate Judge shall be taken to the United States Court of Appeals in the same manner as an appeal from any other judgment of the District Court in accordance with 28 U.S.C. § 636(c)(3).

☐  The party or parties listed below to the above-captioned civil matter Do Not Consent to proceed before the assigned Magistrate Judge Margaret A. Nagle.

       The party or parties listed below acknowledge that they are free to withhold consent without adverse substantive consequences.

| Name of Counsel (OR Party if Pro Per) | Signature and date | Counsel for (Name Parties) |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

      ☐  Check this box if all parties have consented to proceed before the assigned Magistrate Judge.

### NOTICE TO COUNSEL FROM CLERK

All parties having consented to proceed before the assigned magistrate judge, this case will remain assigned to United States Magistrate Judge Margaret A. Nagle for all further proceedings.

ORIGINAL

Lara R. Shapiro
4145 Via Marina #324
Marina del Rey, CA 90292
Telephone: (310) 577-0870
Facsimile: (424) 228-5351

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Louis Maldonado<br><br>**PLAINTIFF(S)**<br><br>v.<br><br>Medicredit; and DOES 1-10, inclusive,<br><br>**DEFENDANT(S).** | CASE NUMBER<br><br>**CV10 6262-MAN**<br><br><br>**SUMMONS** |

TO:     DEFENDANT(S):   Medicredit

A lawsuit has been filed against you.

Within   21   days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, Lara Shapiro _____, whose address is 4145 Via Marina #324, Marina del Rey, CA 90292 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:   **23 AUG 2010**_____        By: _Mani G. Dw_____
                                                        Deputy Clerk

                                                        *(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*